IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUBEN ROJAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-599 (MN) |
| | ) |
| CONNECTIONS CSP INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1.  **Introduction.** Plaintiff Ruben Rojas ("Plaintiff"), a prisoner incarcerated at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). On November 26, 2018, Plaintiff filed a motion for injunctive relief asserting retaliation by the medical staff for commencing this action. (D.I. 45). Defendants oppose. (D.I. 51).

2.  **Motion for Injunctive Relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure

to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Background.** Plaintiff contends that the medical department is retaliating against him because he commenced this action. Plaintiff suffers from diabetes and states that he suffered a diabetic seizure on September 12, 2018 and was treated with excessive force by corrections staff. In opposition, Defendants provide the declaration of Dr. Christopher Moen ("Dr. Moen"). (D.I. 51-1). Dr. Moen states that Plaintiff receives medical care and has chronic care appointments for diabetes and other ailments on a routine basis. In addition, Plaintiff received immediate care as a result of the September 12, 2018 incident. Examination revealed no new injury or mark and Plaintiff denied pain and discomfort. Also, Plaintiff did not submit any sick call slips following the incident. Finally, Dr. Moen states that there are no indications of any retaliatory intent by medical providers and Plaintiff continues to receive appropriate medical care as necessary.

4. Considering the unrefuted declaration of Dr. Moen, the Court concludes that Plaintiff has not met the requirements for injunctive relief. Medical care has been provided and continues to be provided, and there is no evidence of retaliation by medical providers. Plaintiff has failed to show a likelihood of success on the merits and has failed to demonstrate irreparable harm. Therefore, the Court will deny the motion.

5. **Conclusion.** For the above reasons, the Court will deny the motion for injunctive relief. (D.I. 45). A separate order shall issue.

December 17, 2018

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge