IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUBEN ROJAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-599 (MN) |
| | ) |
| CONNECTIONS CSP INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Ruben Rojas, Howard R. Young Correctional Institution, Wilmington, Delaware. *Pro Se* Plaintiff.

Dana Spring Monzo, Karine Sarkisian, WHITE & WILLIAMS LLP, Wilmington, Delaware. Counsel for Defendants.

July 16, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

Plaintiff Ruben Rojas ("Plaintiff"), who appears *pro se* and was granted permission to proceed *in forma pauperis*, is an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He filed this lawsuit pursuant to 42 U.S.C. § 1983 and later amended the complaint.[1] (D.I. 2, 13). Before the Court is a motion to dismiss filed by Defendants Erica Jenkins ("Jenkins") and Kathryn Mitchell ("Mitchell") and a motion for judgment on the pleadings filed by Defendant Laura Brackett ("Brackett"). (D.I. 48, 57). Plaintiff opposes.

I. **BACKGROUND**

The Amended Complaint raises medical needs claims under the Eighth Amendment and Fourteenth Amendment of the United States Constitution. (D.I. 13). It alleges that following Plaintiff's July 29, 2015 arrest, during the intake process he was seen by medical and informed medical personnel of his diabetic condition. (*Id*. at 6). Defendant intake nurse Brackett took note of his condition. (*Id*. at 6, 8). Plaintiff alleges that "nobody followed up on it." (*Id*.). Plaintiff submitted numerous sick call slips, and none were answered. (*Id*. at 6).

Plaintiff made complaints about his vision in August, another on September 2, 2015, and a third on October 19, 2015. (*Id*. at 8) In November 2015, Mitchell told Plaintiff that he was scheduled to see optometry. (*Id*.) On November 29, 2015, Plaintiff complained that he could see less and less. (*Id*.).

Plaintiff alleges that on December 23, 2015, he received his morning insulin shot and when the nurse returned to give him a noon insulin shot, Plaintiff was found unresponsive. (*Id*. at 7).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff alleges that Brackett, Mitchell, and Jenkins gave him extra doses of insulin and he "ended up in Wilmington Hospital." (*Id*. at 8). Plaintiff was told that he had a stroke. (*Id*. at 7). He believes the stroke was the result of the nurses administering too much insulin. (*Id*.)

Plaintiff finally saw a physician on January 12, 2016. (*Id*. at 8). The specialist told Plaintiff he was unsure if Plaintiff would regain his vision. (*Id.* at 6). In January, Plaintiff underwent major surgery on the left eye and preventative laser surgery on the right eye. (*Id*. at 6). Plaintiff alleges his constitutional rights were violated due to the passage of time and waiting for him to go completely blind before deciding to act. (*Id*. at 7). Plaintiff seeks compensatory and punitive damages. (*Id*. at 9-10).

Service orders issued December 2, 2015, March 20, 2017, August 7, 2017, and October 23, 2017 (D.I. 12, 15, 16, 25, 30). In Brackett's answer to the Amended Complaint she states that Plaintiff's medical chart progress notes show that she saw Plaintiff one time for the intake process on July 29, 2015, and she documented Plaintiff's medical condition and complaints, including Plaintiff's complaint that he had blurry vision following an assault that morning. (D.I. 47 at 2). She further answers that she scheduled Plaintiff to see a medical provider for an initial visit the next day, July 30, 2015, and when Plaintiff saw a medical provider on July 30, 2015, Plaintiff stated he had no complaints. (*Id*.). Brackett finally answers that she has had no contact with Plaintiff since August 2015 when she transferred from the HRYCI to the James T. Vaughn Correctional Center in Smyrna, Delaware. (*Id*.).

Mitchell and Jenkins seeks dismissal for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff did not allege any personal action or inaction by them that amounts to claims of deliberate indifference, and he did not submit an affidavit of merit when he filed the original complaint. (D.I. 48). Brackett seek judgment

on the pleadings pursuant to Fed. R. Civ. P. 12(c) for Plaintiff's failure to state a claim upon which relief may be granted, and on the grounds that Plaintiff did not submit an affidavit of merit when he filed the original complaint. (D.I. 57).

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6)

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions"

3

or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

    B.    **Rule 12(c).**

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion alleges that the plaintiff failed to state a claim upon which relief can be granted. *See Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). In ruling on a motion for judgment on the pleadings, the Court is generally limited to the pleadings. *See Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). The Court may, however, consider documents incorporated into the pleadings and those that are in the public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.    DISCUSSION

    A.    **Medical Needs**

Mitchell and Jenkins move to dismiss the claims against them on the grounds that the Amended Complaint for their lack of personal involvement in the alleged indifference to Plaintiff's serious medical needs. Brackett moves for judgment on the pleadings on the grounds that the allegations do not state a plausible Eighth Amendment claim against her.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97,

103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Although "[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" constitute cruel and unusual punishment under the Constitution, *Estelle v. Gamble*, 429 U.S. at 106, merely negligent treatment does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Indeed, "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill*, 372 F.3d at 235.

The allegations do not demonstrate personal involvement in any alleged constitutional violations by the three moving Defendants. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, the Amended Complaint alleges that Plaintiff was seen by Brackett at his prison intake and she took note of Plaintiff's condition, that Mitchell advised Plaintiff that he was schedule to see an optometrist, and that Brackett, Mitchell, and Jenkins gave him an extra dose of insulin on December 23, 2015. Plaintiff "believes" he received an intentional overdose of insulin and this caused him to go into a coma induced by a stroke. (D.I. 54 at 2). As to the claim that Plaintiff was given an extra dose of insulin, the allegations at most speak to negligence. *See Barto v. Westmoreland Cty.*, 2011 WL 926096, at *3 (W.D. Pa. Jan. 27, 2011) (inmate's complaint that he was given too little or too much insulin, even if proven, amount to nothing more than allegations of medical malpractice). However, "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill*, 372 F.3d at 235. None of the other allegations rise to the level of deliberate indifference to a serious medical need.

Accordingly, the Court will grant the motion to dismiss and the motion for judgment on the pleadings. The Court finds amendment futile given Plaintiff's opposition to the motion to dismiss. Therein, Plaintiff states that thirty minutes after Jenkins administered Plaintiff his prescribed insulin, Jenkins return and told him that Mitchell had ordered Jenkins to administer Plaintiff an additional thirteen units of insulin. (D.I. 54 at 2). Even were Plaintiff allowed to amend based upon these new allegations, they do not state constitutional claims.

**B.  Medical Negligence**

All three Defendants move to dismiss any medical negligence claims raised against them by Plaintiff. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert

6

medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. To the extent Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). He did not. Therefore, the Court will grant Defendants' motions for Plaintiff's failure to comply with the requisites of 18 Del. C. § 6853(a)(1).

## IV.    CONCLUSION

For the above reasons, the Court will: (1) grant the motion to dismiss filed by Erica Jenkins and Kathryn Mitchell (D.I. 48); and (2) grant the motion for judgment on the pleadings filed by Laura Brackett (D.I. 57). The Court finds amendment futile as to these Defendants.

An appropriate order will be entered.