IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUBEN ROJAS, | ) | |
|        Plaintiff, | ) ) ) | |
|        v. | ) ) | C.A. No. 16-599 (MN) |
| CONNECTIONS CSP INC., et al., | ) ) ) | |
|        Defendants. | ) | |

## MEMORANDUM OPINION

Ruben Rojas, Sussex Community Correctional Center, Georgetown, Delaware. Pro Se Plaintiff.

Dana Spring Monzo and Karine Sarkisian, WHITE & WILLIAMS LLP, Wilmington, Delaware. Counsel for Defendant.

January 23, 2020
Wilmington, Delaware

**NOREIKA, U.S. District Judge**:

Plaintiff Ruben Rojas ("Plaintiff"), who appears *pro se* and was granted permission to proceed *in forma pauperis*, is an inmate at the Sussex Community Correctional Center in Georgetown, Delaware. Plaintiff was incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, when he commenced this action pursuant to 42 U.S.C. § 1983. (D.I. 2) He later amended the complaint.[1] (D.I. 13). Before the Court is Defendant Connections Community Support Program's ("Connections") motion for judgment on the pleadings. (D.I. 65). Plaintiff opposes.

I. **BACKGROUND**

The Amended Complaint raises medical needs claims under the Eighth Amendment and Fourteenth Amendment of the United States Constitution. (D.I. 13). It alleges that following Plaintiff's July 29, 2015 arrest, during the intake process he was seen by medical, and he informed medical personnel of his diabetic condition. (*Id*. at 6). Intake nurse Laura Brackett ("Brackett") took note of his condition. (*Id*. at 6, 8). Plaintiff alleges that "nobody followed up on it." (*Id*.). Plaintiff alleges that he submitted numerous sick call slips, and none were answered. (*Id*. at 6).

Plaintiff made a complaint in August and another on September 2, 2015. (*Id*. at 8). On October 19, 2015, he made a third complaint about his vision. (*Id*.). In November 2015, health care provider Katherine Mitchell ("Mitchell") told Plaintiff that he was scheduled to see optometry. (*Id*.). On November 29, 2015, Plaintiff complained that his vision had worsened. (*Id*.).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that on December 23, 2015, he receiving his morning insulin shot and when the nurse returned to give him a noon insulin shot, Plaintiff was found unresponsive. (*Id*. at 7). Plaintiff alleges that Brackett, Mitchell, and nurse Erica Jenkins ("Jenkins") gave him extra doses of insulin and he "ended up in Wilmington Hospital." (*Id*. at 8). Plaintiff was told that he had a stroke. (*Id*. at 7). He believes the stroke was the result of the nurse administering too much insulin. (*Id*.).

Plaintiff saw a specialist January 12, 2016 who told Plaintiff he was unsure if Plaintiff would regain his vision. (*Id.* at 6, 8). In January, Plaintiff underwent major surgery on the left eye and preventative laser surgery on the right eye. (*Id*. at 6). Plaintiff alleges his constitutional rights were violated due to the passage of time. (*Id*. at 7). He alleges that his visits and complications are a direct result of Connections not answering any of Plaintiff's sick call slips, waiting for five months, and waiting for Plaintiff to go blind before deciding to act. (*Id*. at 7). Plaintiff alleges that Connections was deliberately indifferent when he advised health care personnel of his diabetic condition and vision problems. (*Id*.). Plaintiff seeks compensatory and punitive damages. (*Id*. at 9-10).

In Connections' answer to the Amended Complaint, it admitted Plaintiff's allegations to the extent that they were consistent with Plaintiff's medical records; denied that it acted in any manner that violated Plaintiff's Eighth Amendment and/or Fourteenth Amendment rights set forth in the United States Constitution; denied that it enacted any policies, practices, or customs, or that it failed to act despite a clear duty to do so that caused a violation of Plaintiff's Eight Amendment and/or Fourteenth Amendment rights under the United States Constitution; and denied that it acted in any manner that was medically negligent, negligent, or that would otherwise serve as a basis to establish a cause of action against it. (*See* D.I. 18).

Connections seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for Plaintiff's failure to state a claim upon which relief may be granted and failure to plead a viable constitutional claim of deliberate indifference under the Eighth Amendment. (D.I. 65).

## II. LEGAL STANDARDS

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion alleges that the plaintiff failed to state a claim upon which relief can be granted. *See Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). In ruling on a motion for judgment on the pleadings, the Court is generally limited to the pleadings. *See Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). The Court may, however, consider documents incorporated into the pleadings and those that are in the public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery

will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc*., 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Medical Needs

Connections seeks relief under Rule 12(c) on the grounds that the facts as alleged in the Amended Complaint, even when liberally construed, fail to allege a viable claim of deliberate indifference. Connections argues that, at best, Plaintiff alleges negligence which does not suffice to plead deliberate indifference. Connections further argues that, because the Court concluded the individually named defendants did not violate Plaintiff's constitutional rights, it cannot be held liable when there is no underlying constitutional violation.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Although "[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" constitute cruel and unusual punishment under the Constitution, *Estelle v. Gamble*, 429 U.S. at 106, merely

4

negligent treatment does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Indeed, "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation," nor is "[m]ere disagreement as to the proper medical treatment." *Spruill*, 372 F.3d at 235.

When a plaintiff relies on the theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that Connections is directly liable for the alleged constitutional violations, plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of Defendant's employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584 (citations omitted). "'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically

endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

In its July 16, 2019 Memorandum Opinion and Order, this Court found that Plaintiff's allegations did not demonstrate the requisite personal involvement of any individual defendant in any alleged constitutional violations; the claim that Plaintiff was given an extra dose of insulin, at most, alleged negligence which does not rise to the level of a constitutional violation; no other allegations rose to the level of deliberate indifference to a serious medical need; and amendment was futile in light of the new facts Plaintiff raised in his opposition to the individual Defendants' motion to dismiss. (*See* D.I. 62, 63).

As discussed, the Court concluded that (1) Plaintiff failed to state a claim that the individual Medical Defendants violated his constitutional rights under the Eighth Amendment and (2) that amendment was futile. Connections, therefore, cannot be liable based on the theory that it established or maintained an unconstitutional policy or custom responsible for violating Plaintiff's rights. *See Goodrich v. Clinton Cty. Prison*, 214 F. App'x 105, 113 (3d Cir. 2007) (policy makers not liable in prison medical staff's alleged deliberate indifference to prisoner's serious medical needs, where, given that there was no underlying violation of prisoner's rights, policy makers did not establish or maintain an unconstitutional policy or custom responsible for violating prisoner's rights). Accordingly, the Court will grant Connections' motion.[2]

---

[2] In his opposition (D.I. 66), Plaintiff includes new facts to support his position. Plaintiff's main claim is his disagreement with the treatment he has received which does not rise to the level of a constitutional violation. Notably, Plaintiff's allegations make it clear that he received medical care, was seen by a specialist, received surgery, and continues to be treated for his medical condition.

### B. Medical Negligence

Connections moves to dismiss any medical negligence claims raised by Plaintiff. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); *See* 18 Del. C. § 6853. To the extent Plaintiff alleges medical negligence, at the time he filed the Complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. *See* 18 Del. C. § 6853(a)(1). He did not. Therefore, the Court will grant Defendant's motion for Plaintiff's failure to comply with the requisites of 18 Del. C. § 6853(a)(1).

### IV. CONCLUSION

For the above reasons, the Court will grant the motion for judgment on the pleadings. (D.I. 65). The Court finds amendment futile as to this Defendant.

An appropriate order will be entered.